UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| IN RE: ASSICURAZIONI GENERALI S.p.A. HOLOCAUST INSURANCE LITIGATION | : : | MDL 1374 M 21-89 (GBD) |
| _____ | : | |
| CORNELL v. ASSICURAZIONI GENERALI S.p.A. | : | 97 Civ. 2262 (GBD) (AJP) |
| SCHENKER v. ASSICURAZIONI GENERALI S.p.A. | : | 98 Civ. 9186 (GBD) (AJP) |
| SMETANA v. ASSICURAZIONI GENERALI S.p.A. | : | 00 Civ. 9413 (GBD) (AJP) |
| | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x    **OPINION AND ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

Presently before the Court is the Motion of Class Counsel for Attorneys' Fees and Expenses of $3 million in connection with the settlement of this Holocaust litigation that resulted in defendant Assicurazioni Generali S.p.A. ("Generali") paying at least $40 million to the members of the plaintiff class. Also before the Court are fee applications for three law firms described in the Settlement Agreement as "Other Plaintiffs Counsel." For background to the settlement, see In re Assicurazioni Generali S.p.A. Holocaust Ins. Litig., MDL 1374, M 21-89, 97 Civ. 2262, 98 Civ. 9186, 00 Civ. 9413, 2007 WL 3129894 (S.D.N.Y. Oct. 26, 2007); In re Assicurazioni Generali S.p.A. Holocaust Ins. Litig., MDL 1374, M 21-89, 97 Civ. 2262, 98 Civ. 9186, 00 Civ. 9413, 2007 WL 601846 (S.D.N.Y. Feb. 27, 2007), familiarity with which is assumed.

The Settlement Agreement provides that:

2

> Generali will pay attorneys' fees and costs, as approved by the District Court, to Class Counsel up to $3 million; and to Other Plaintiffs Counsel up to $250,000. Generali covenants not to oppose any application by Class Counsel for such fees and costs in an amount equal or less than the foregoing; . . .

(Settlement Agreement ¶ 10(d).) The Court points out that the payment of attorneys' fees is made by Generali and does not reduce the settlement amounts available to the Class. Generali does not oppose Class Counsel's motion, but has filed an attorneys' affidavit with "observations" about the requests of the "Other Plaintiffs Counsel."

For the reasons set forth below, Class Counsel's motion is granted and Class Counsel are awarded $3 million in fees and expenses; Other Plaintiffs Counsel's applications are granted in part and awarded $124,332.60 in fees.

## ANALYSIS

"[W]here an attorney succeeds in creating a common fund from which members of a class are compensated for a common injury inflicted on the class . . . the attorneys whose efforts created the fund are entitled to a reasonable fee - set by the court - to be taken from the fund." Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 47 (2d Cir. 2000).[1] A district court has broad discretion to determine what constitutes a reasonable award of attorneys' fees, and such an award only will be overturned for abuse of discretion. Goldberger v. Integrated Resources, Inc., 209 F.3d at 47-48.

---

[1] Accord, e.g., In re Top Tankers, Inc. Sec. Litig., 06 Civ. 13761, 2008 WL 2944620 at *12 (S.D.N.Y. July 31, 2008); In re Merrill Lynch Tyco Research Sec. Litig., 249 F.R.D. 124, 136 (S.D.N.Y. 2008).

In setting fees in class actions, courts calculate reasonable attorneys' fees using one of two methods: the so-called lodestar method and the percentage of the fund method. Goldberger v. Integrated Resources, Inc., 209 F.3d at 47. Under the lodestar method, "an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate." A.R. v. New York City Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005) (quotations omitted); accord, e.g., Goldberger v. Integrated Resources, Inc., 209 F.3d at 47. "Once that initial computation has been made, the district court may, in its discretion, increase the lodestar by applying a multiplier based on 'other less objective factors,' such as the risk of the litigation and the performance of the attorneys." Goldberger v. Integrated Resources, Inc., 209 F.3d at 47; see also, e.g., Savoie v. Merchants Bank, 166 F.3d 456, 460 (2d Cir. 1999). The percentage of the fund method "is a simpler calculation of the fee award as some percentage of the fund created for the benefit of the class." Savoie v. Merchants Bank, 166 F.3d at 460.[2]

The Second Circuit in 2008 acknowledged that the term lodestar's "value as a metaphor has deteriorated to the point of unhelpfulness," and abandoned use of the term due to longstanding confusion regarding its proper application, while leaving the methodology essentially

---

[2] Accord, e.g., Goldberger v. Integrated Resources, Inc., 209 F.3d at 47; In re Merrill Lynch Tyco Research Sec. Litig., 249 F.R.D. at 136; In re NTL Inc. Sec. Litig., 02 Civ. 3013, 2007 WL 623808 at *4 (S.D.N.Y. Mar. 1, 2007) (Peck, M.J.), aff'd, 2007 WL 1294377 (S.D.N.Y. May 2, 2007) (Kaplan, D.J.); In re KeySpan Corp. Sec. Litig., 01 Civ. 5852, 2005 WL 3093399 at *4 (S.D.N.Y. Sept. 30, 2005); In re Indep. Energy Holdings PLC Sec. Litig., 00 Civ. 6689, 2003 WL 22244676 at *5 n.12 (S.D.N.Y. Sept. 29, 2003).

the same. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d 182, 190 (2d Cir. 2008). The Second Circuit held that:

> [T]he better course – and the one most consistent with attorney's fees jurisprudence – is for the district court, in exercising its considerable discretion, to bear in mind all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate. The reasonable hourly rate is the rate a paying client would be willing to pay. In determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors;[3/] it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case. The district court should then use that reasonable hourly rate to calculate what can properly be termed the "presumptively reasonable fee."

---

[3/] The twelve Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) fee awards in similar cases. Johnson v. Ga. Highway Exp., Inc., 488 F.2d 714, 717-19 (5th Cir. 1974).

5

Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F.3d at 190.[4/] Nevertheless, this Opinion will use the term "lodestar."

"[B]oth the lodestar and the percentage of the fund methods are available to district judges in calculating attorneys' fees in common fund cases." Goldberger v. Integrated Resources, Inc., 209 F.3d at 50; see also, e.g., Masters v. Wilhelmina Model Agency, Inc., 473 F.3d 423, 436 (2d Cir. 2007); Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d 96, 121 (2d Cir.), cert. denied, 544 U.S. 1044, 125 S. Ct. 2277 (2005). "The trend in this Circuit is toward the percentage [of the fund] method." Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d at 121.[5/] The Second Circuit disfavors application of the lodestar method because the "'lodestar create[s] an unanticipated

---

[4/] See also, e.g., Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 2008 WL 3255130 at *15 (2d Cir. Aug. 8, 2008); Metrokane, Inc. v. Built NY, Inc., 06 Civ. 14447, 07 Civ. 2084, 2009 WL 637111 at *2 (S.D.N.Y. Mar. 6, 2009) ("[T]he Second Circuit has suggested that the court engage in a somewhat broader and more variegated analysis, under which it not only looks to the community-based measure of rates, but also takes into consideration a broader array of factors, first proposed by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., . . . in order to arrive at a 'presumptively reasonable fee.'"); Supreme Oil Co. v. Abondolo, 568 F. Supp. 2d 401, 409 (S.D.N.Y. 2008) ("In the Second Circuit, fee awards are determined by the 'presumptively reasonable fee' method.") (citing Arbor Hill); Luca v. County of Nassau, No. 04-CV-4898, 2008 WL 2435569 at *7 (E.D.N.Y. June 16, 2008) ("While a panel of the Second Circuit has recently recommended abandoning the term 'lodestar' in favor of 'presumptively reasonable fee,' the methodology remains the same.") (citation to Arbor Hill omitted); Rozell v. Ross-Holst, 05 Civ. 2936, -- F. Supp. 2d --, 2008 WL 2229842 at *4 (S.D.N.Y. May 29, 2008).

[5/] Accord, e.g., In re Bayer AG Sec. Litig., 03 Civ. 1546, 2008 WL 5336691 at *4 (S.D.N.Y. Dec. 15, 2008); Banyai v. Mazur, 00 Civ. 9806, 2008 WL 5110912 at *2 (S.D.N.Y. Dec. 2, 2008); In Re Top Tankers, Inc. Sec. Litig., 2008 WL 2944620 at *12; In re Merrill Lynch Tyco Research Sec. Litig., 249 F.R.D. at 136; In re KeySpan Corp. Sec. Litig., 2005 WL 3093399 at *4.

6

disincentive to early settlements, tempt[s] lawyers to run up their hours, and compel[s] district courts to engage in a gimlet-eyed review of line-item fee audits.'" Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d at 122.[6/]

"Whatever method is used, the reasonableness of a common fund fee award is governed by the so-called Goldberger factors: (1) counsel's time and labor; (2) the litigation's complexities and magnitude; (3) the litigation risks; (4) quality of representation; (5) the relationship of the requested fee to the settlement; and (6) considerations of public policy." Masters v. Wilhelmina Model Agency, Inc., 473 F.3d at 436; accord, e.g., Wal-Mart Stores, Inc. v. Visa U.S.A., Inc., 396 F.3d at 121; Goldberger v. Integrated Resources, Inc., 209 F.3d at 50.[7/]

Even when the percentage of the fund method is used, "the lodestar remains useful as a baseline even if the percentage method is eventually chosen.  Indeed [the Second Circuit] encourage[s] the practice of requiring documentation of hours as a 'cross check' on the reasonableness of the requested percentage."  Goldberger v. Integrated Resources, Inc., 209 F.3d at 50.  "Of course, where used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court.  Instead, the reasonableness of the claimed lodestar can

---

[6/] Accord, e.g., In re Merrill Lynch Tyco Research Sec. Litig., 249 F.R.D. at 136; In re Ramp Corp. Sec. Litig., 05 Civ. 6521, 2008 WL 58938 at *2 n.2 (S.D.N.Y. Jan. 3, 2008); In re NTL Inc. Sec. Litig., 2007 WL 623808 at *4.

[7/] See also, e.g., In re Bayer AG SEc. Litig., 2008 WL 5336691 at *4; Banyai v. Mazur, 2008 WL 5110912 at *3; In re Top Tankers, Inc. Sec. Litig., 2008 WL 2944620 at *13; In re Merrill Lynch Tyco Research Sec. Litig., 249 F.R.D. at 136-37; In re NTL Inc. Sec. Litig., 2007 WL 623808 at *5.

be tested by the court's familiarity with the case (as well as encouraged by the strictures of Rule 11)." Goldberger v. Integrated Resources, Inc., 209 F.3d at 50 (citation omitted).[8/]

A "fee award should be assessed based on scrutiny of the unique circumstances of each case." Goldberger v. Integrated Resources, Inc., 209 F.3d at 53 (rejecting notion of any percentage "benchmark" for fee awards); see also, e.g., In re Bayer AG Sec. Litig., 2008 WL 5336691 at *4; Park v. The Thomson Corp., 05 Civ. 2931, 2008 WL 4684232 at *6 (S.D.N.Y. Oct. 22, 2008); In re Telik, Inc. Sec. Litig., 576 F. Supp. 2d at 590; In re NTL, Inc. Sec. Litig., 2007 WL 623808 a *5; In re Elan Sec. Litig., 385 F. Supp. 2d 363, 375 (S.D.N.Y. 2005); In re Independent Energy Holdings PLC, 00 Civ. 6689, 2003 WL 22244676 at *7 (S.D.N.Y. Sept. 29, 2003) ("Lead Counsel cites a number of cases with fee awards ranging from 25% to 33 1/3%. There are, however, a number of cases within this Circuit with fee awards ranging from 12% to 20%. Notably, the Second Circuit approved of a 4% fee award in Goldberger. Case citations are of limited usefulness as a '"fee award should be assessed based on scrutiny of the unique circumstances of each case."') (fn. & citations omitted).

**Class Counsel's Fee Request**

In this case, whether under the so-called lodestar method or the percentage of the fund method, Class Counsel's request for $3 million in fees and expenses is reasonable.

---

[8/] Accord, e.g., In re Telik, Inc. Sec. Litig., 576 F. Supp. 2d 570, 588 (S.D.N.Y. 2008); In re Merrill Lynch Tyco Research Sec. Litig., 249 F.R.D. at 142; Silberblatt v. Morgan Stanley, 524 F. Supp. 2d 425, 433-34 (S.D.N.Y. 2007).

8

Class Counsel – the law firms of Kohn, Swift & Graf, P.C.; Anderson Kill & Olick, P.C.; Heller Ehrman LLP; and Lieff, Cabraser, Heimann & Bernstein, LLP – spent over 15,000 hours of time in representing the class against Generali, with a lodestar value, based on the firms' regular hourly billing rates as of 2006, of over $4.5 million. Class Counsel also incurred over $441,000 in costs. Thus, an attorneys' fee award of $2.56 million ($3 million net of costs) reflects a negative lodestar, i.e., only 56% of actual fees. Most class action fees are a positive multiple of the lodestar. See, e.g., Banyai v. Mazur, 2008 WL 5110912 at *5 (approving a 1.93 lodestar multiplier); In re NTL, Inc. Sec. Litig., 2007 WL 623808 at *8 ("In the 'usual' case, the multiplier applied to the lodestar typically is positive, to account for the contingent nature of the engagement and the risk of such a case."); In re Global Crossing Sec. & ERISA Litig., 225 F.R.D. 436, 468 (S.D.N.Y. 2004) (approving a 2.16 lodestar multiplier).

Looked at as a percentage of the fund, attorneys' fees of $2.56 million represent approximately 6.4% of the $40 million fund for the Class. Even considering the entire $3 million of fees and costs, that represents 7.5% of the $40 million Class fund. These are at the low end of class action fee percentage awards.

The Court has reviewed the contemporaneous time records, expense statements, and charts showing counsel and paralegal hourly rates, from the four firms.[9] The hourly rates are reasonable.[10] The documentation supporting some costs leaves something to be desired, and some

---

[9] See Swift Aff. Exs. 1-3; Kill Aff. Exs. 1-3; Becker Aff. Exs. B-D; Cohen Aff. Exs. 2-5.

[10] Courts have upheld use of "current" rates to compensate for inflation and delay in payment. See, e.g., Savoie v. Merchants Bank, 166 F.3d 456, 464 (2d Cir.1999) (affirming district court's decision to "adequately compensate[ ]" party by using current hourly rates to calculate
(continued...)

of the time entries could be more informative. Nevertheless, while not perfect, since the submissions justify fees and expenses in excess of the agreed upon $3 million cap, further discussion of the entries would not effect the result. See Goldberger v. Integrated Resources, Inc., 209 F.3d at 50 ("Of course, where used as a mere cross-check [to the percentage of the fund method], the hours documented by counsel need not be exhaustively scrutinized. . . .").

The other Goldberger factors further support the $3 million award, substantially for the reasons set forth in Class Counsel's brief (at 8-15). The Court further notes that Generali, represented by the Skadden Arps law firm, does not oppose the award, and this fee award will be coming out of Generali's pocket, not that of the class members. Cf. In re Telik, Inc. Sec. Litig., 576 F. Supp. 2d at 594 ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable.") (citing cases).

---

10/ (...continued)
fee award and therefore not also awarding pre-judgment interest); LeBlanc-Steinberg v. Fletcher, 143 F.3d 748, 764 (2d Cir.1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment."); Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Finance Corp., 04 Civ. 3854, 2008 WL 4833025 at *9 n.33 (S.D.N.Y. Nov. 3, 2008) (Peck, M.J.). Moreover, the Court notes that the three firms that used "current" rates (Heller Ehrman used its historical rates) used then-current, 2006 rates that are now three years old.

**Other Plaintiffs Counsel's Fee Request**

Three law firms request fees as Other Plaintiffs Counsel, as follows:

| | |
|---|---|
| Marks Law Firm | $ 85,750.00 |
| Fleishman & Fisher ("F&F") | 27,772.50[11] |
| Berger & Montague | 108,500.00 |
| | $222,022.50 |

The total is within the $250,000 cap set forth in the Settlement Agreement. (See page 1 above.)

F&F also seeks a "multiplier of 2.5, or alternatively, by such multiplier as the Court may order with respect to other attorneys." (F&F Motion at 2.) Applying such a multiplier would cause the total fee applications of the three Other Plaintiffs Counsel firms to exceed the $250,000 cap. In addition, it would not be fair to give one of the Other Plaintiffs Counsel firms a positive multiplier and not the others; the Court notes that the other two firms have not sought a multiplier. As discussed below, a negative multiplier is appropriate.

The Court has reviewed the time records submitted by these three firms. As Generali's counsel correctly points out, much of these firms' work involved review of work performed by Class Counsel or other attorneys. (See Schnable Aff. ¶¶ 6, 8, 11.) Because of this, and in an effort to reach a just result, the Court will apply a 56% multiplier to these firms' fee request – the same ratio that Class Counsel's fee award represents to its lodestar. Thus, the Court awards fees to Other Plaintiffs Counsel as follows:

---

[11] F&F also seeks $335.65 in costs, for faxes, photocopies and telephone expenses. (Fisher Aff. Ex. B.) Since the per page cost basis for these costs is not explained, nor whether the copies (or faxes) were for convenience or truly were necessary, the Court disallows the costs.

| Firm | Amount Requested | Amount Awarded (56%) |
|---|---|---|
| Marks Law Firm | $ 85,750.00 | $ 48,020.00 |
| F&F | 27,772.50 | 15,552.60 |
| Berger & Montague | 108,500.00 | 60,760.00 |
| | | $124,332.60 |

## CONCLUSION

For the reasons set forth above, Class Counsel's motion for attorneys' fees and expenses in the amount of $3 million is GRANTED; Other Plaintiffs Counsel's fee applications are granted in part and they are awarded $124,332.60.

## FILING OF OBJECTIONS TO THIS OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Opinion and Order to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Daniels (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988);

12

McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

Dated:   New York, New York
         March 24, 2009

Respectfully submitted,

Andrew J. Peck
United States Magistrate Judge

Copies to:   All Counsel
             Judge George B. Daniels