UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 3/25/09

------------------------------------- x

| | | |
|---|---|---|
| IN RE: ASSICURAZIONI GENERALI S.p.A. HOLOCAUST INSURANCE LITIGATION | : | MDL 1374 M 21-89 (GBD) |
| | : | |
| CORNELL v. ASSICURAZIONI GENERALI S.p.A. | : | 97 Civ. 2262 (GBD) (AJP) |
| SCHENKER v. ASSICURAZIONI GENERALI S.p.A. | : | 98 Civ. 9186 (GBD) (AJP) |
| SMETANA v. ASSICURAZIONI GENERALI S.p.A. | : | 00 Civ. 9413 (GBD) (AJP) |
| | : | |

------------------------------------- x        **OPINION AND ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

This Order supplements this Court's Opinion and Order dated March 24, 2009, and addresses the separate attorneys' fee request of attorney Gary J. Schefsky. For the reasons set forth below, the Schefsky claim is DENIED.

First, the Settlement Agreement – approved by the Court and the Second Circuit – only provides attorneys' fees for "Class Counsel" and "Other Plaintiffs Counsel." Attorney Schefsky is neither "Class Counsel" nor "Other Plaintiffs Counsel" as the latter term is used in the Settlement Agreement.

Second, attorney Schefsky did not represent any plaintiff in the class actions before the Court. Rather, his claim for attorneys' fees is that he generally "has handled claims against Generali now for more than 10 years . . . and to the benefit of the broader class, starting prior to the

creation of the ICHEIC, and prior to the initiation of any class action filing and/or certification against Generali. . . ." (Schefsky Notice of Objection & Attorney Fee Submission at 2.) He added: "Attorney Schefsky's representation was entirely outside the then pending class action matters and was just one of many pressure points on the Swiss and German entities to settle. . . ." (Id. at 13.) Schefsky adds that his work "benefitted the class claimants to some extent." (Id. at 16.) While it may well be true that Schefsky's actions outside of this litigation was one of many factors that led to settlement here, it does not provide a basis to compensate him. Indeed, as Schefsky himself noted, "[t]here have been many attorneys, advocates, and survivor's representatives who have fought tirelessly for restitution." (Id. at 18.) But only Schefsky has sought fees here.

Finally, even if Schefsky otherwise were entitled to consideration of his fee request, it must be denied for the further reason that he did not submit contemporaneous time records, as required by Second Circuit precedent. E.g., N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983); Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp., 04 Civ. 3854, 2008 WL 4833025 at *1 n.8 (S.D.N.Y. Nov. 3, 2008) (Peck, M.J.). For example, Schefsky attached his "invoice" to client Clyne, which block-listed various services (none related to Generali and certainly not directly related to these class action suits) performed during "1997-1998" totaling 20 hours, and other services in "1998-1999" totaling another 40 hours. (See Schefsky Submission Exs. 8 & 9.)

For all of these reasons, Schefsky's fee application is DENIED.

3

## FILING OF OBJECTIONS TO THIS OPINION AND ORDER

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Opinion and Order to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable George B. Daniels, 500 Pearl Street, Room 630, and to my chambers, 500 Pearl Street, Room 1370. Any requests for an extension of time for filing objections must be directed to Judge Daniels (with a courtesy copy to my chambers). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822, 115 S. Ct. 86 (1994); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir.), cert. denied, 506 U.S. 1038, 113 S. Ct. 825 (1992); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(d).

SO ORDERED.

Dated:   New York, New York
March 25, 2009

Andrew J. Peck
United States Magistrate Judge

Copies to:   All Counsel
Judge George B. Daniels